# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. CV 12-0489 BB/SMV
                                                  CR 10-2667 BB

CESAR DOMINGUEZ-CORDOVA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Consideration to Alter, Amend or Vacate Judgement Under *Simmons* (CV Doc. 1; CR Doc. 26). The motion refers to rule 59(e) of the Federal Rules of Civil Procedure and seeks reconsideration of Defendant's sentence. The clerk properly opened a civil case to accommodate possible construction of the pleading as a motion under 28 U.S.C. § 2255. On consideration of the record, Defendant's claims, and applicable law, the Court will dismiss the motion.

On January 14, 2011, the Court entered judgment (CR Doc. 24) on Defendant's conviction and sentence. Defendant did not appeal his conviction or sentence. Fifteen months later, on April 23, 2012, he filed the instant motion. Defendant complains of an excessively long sentence. He asserts that the Court erroneously based its calculation of his sentence on prior convictions that did not support the enhancements imposed by the Court.

The relief that Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v.*


*United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus").  Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States," § 2255, and his pro se characterization of his claims under the civil rules is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).  In this circumstance,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  In light of the ruling in *Kelly*, the Court concludes that it should not recharacterize Defendant's motion as a § 2255 motion without notifying Defendant of possible consequences.

On the other hand, the Court is not required to recharacterize the motion.  More than a year has passed since Defendant's judgment became final, *see* § 2255 (limiting time for filing motion to one year), and, as stated by Court of Appeals for the Tenth Circuit, a district court does not abuse its discretion in declining to recast a pleading under § 2255 if the motion relief would be "facially 'barred as untimely,' " *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005); *cf. Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005) (noting that a first petition seeking habeas relief under § 2241 may be either recharacterized under § 2254 or dismissed); *and see Padilla v. Enzor*, 279 F. App'x 606, 610-11 (10th Cir. 2008) (stating that district court did not abuse discretion in dismissing habeas claims brought in § 1983 action).  The relief that Defendant seeks is only available under § 2255, and the Court declines to recharacterize his motion as a § 2255

motion. The motion for reconsideration of sentence will be dismissed without prejudice to Defendant's rights under § 2255.

IT IS THEREFORE ORDERED that Defendant's Motion for Consideration to Alter, Amend or Vacate Judgement Under *Simmons* (CV Doc. 1; CR Doc. 26) filed on April 23, 2012, is DISMISSED without prejudice to his rights under § 2255; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE